### EDMUNDS v. NOLAN.

(Circuit Court, N. D. California. February 28, 1898.)

No. 12,314.

SALE—RESCISSION—GROUND FOR CONVERSION.

In June, 1894, a merchant in California ordered shoes of a manufacturer in Boston for the fall trade. Shortly afterwards a receiver was appointed for the manufacturer, and the goods were delayed in shipment, notwithstanding repeated requests for early delivery, until late in the fall, when the buyer notified the receiver to hold them until further orders, and some time later telegraphed that they had been stored at his risk and expense, also making a claim for storage and other expenses. After vainly attempting to compro-

mise on the theory of a sale, the receiver, in August, 1895, tendered the amount claimed for storage and expenses, and demanded possession of the goods, which was refused. *Held,* that he was entitled to recover the value of the shoes at the time of the demand, less the amount of freight and expenses, with interest from the date of demand.

This was an action at law by John Edmunds, receiver of the Eaton & Stephens Manufacturing Company, against P. F. Nolan, doing business under the name of Nolan Bros. Shoe Company, to recover damages for the alleged wrongful conversion of a lot of shoes.

Chickering, Thomas & Gregory and Gerstle & Sloss, for plaintiff.
Smith & Murasky, for defendant.

HAWLEY, District Judge (orally). This is an action, brought by the plaintiff, to recover $3,000 damages, against the defendant, for the alleged conversion of a lot of shoes. The cause was tried before the court, a jury being waived. The evidence presents two questions: (1) Was the title to the goods in plaintiff at the time of the alleged conversion? (2) What was the value of the goods at the time and place of the conversion?

The facts elicited at the trial are, in substance, as follows:

That the goods in question were ordered by the defendant, P. F. Nolan, then doing business under the name of Nolan Bros. Shoe Company, from Bent Bros. & Co., through C. S. Pearson, who was a traveling salesman for Eaton & Stephens Manufacturing Company, a corporation, of Boston, Mass., in June and July, 1894. That the name of Bent Bros. & Co. was a company name, used by the corporation in selling goods to the retail trade, in order to keep it separate from the jobbing trade. That certain steps were regularly taken in the courts of Massachusetts which resulted in the appointment and qualification of John Edmunds as receiver for the said Eaton & Stephens Manufacturing Company, and the transfer, assignment, and sale of all the personal property of the corporation, including certain leather and material for the manufacture of shoes, to the receiver, who thereby became vested with the title to all of said property. That the plaintiff, as such receiver, manufactured from said leather and materials 2,026 pairs of shoes. That during the months of November and December, 1894, the goods in question, so manufactured, were shipped by the plaintiff to Nolan Bros. Shoe Company, San Francisco, Cal., as shown by certain invoices, as follows: "Nov. 28, 1894, invoice amounting to $1,145; Dec. 5, $723.50; Dec. 12, $846.10,"—making a total value, as shown by the invoices, of $2,714.60. That the following telegrams, concerning the goods, were sent and received by the respective parties, viz.:

"Oct. 12, San Francisco, Cal.

"Bent Bros. & Co., * * * Boston: When will you ship our goods? Answer.
Nolan Bros. Shoe Co."

"10/24, San Francisco, Cal.

"Bent Bros. & Co., * * * Boston: Why don't you answer Nolan's telegram? He wants goods badly.
C. S. Pearson."

"Oct. 25.

"Chas. S. Pearson, * * * San Francisco, Cal.: Can ship cheap goods November fifteenth. Will notify on others Saturday. Wire if Nolan will wait.
"John Edmunds, Receiver."

That the goods described in the invoices, above mentioned, are the cheap goods referred to in the telegram of October 25th, corresponding in every respect with the order for the goods, through Pearson, to Bent Bros. & Co. That after the arrival of the goods at San Francisco, the following telegrams were sent by Nolan Bros. Shoe Company to, and received by, John Edmunds, receiver:

"Dec. 21, 1894.

"Goods too heavy for spring trade. Hold subject to order."

"Jan. 2, 1895.

"Explanation not required. Goods ordered for fall trade. Came too late."

"Jan. 22.

"Not hearing from you, we have stored the goods at your risk and expense."

"Feb. 26.

"We suppose you know that your goods are stored here at your risk, and not insured."

That no reply to either of these telegrams was made by the plaintiff. That the defendant made claim against the plaintiff for $150 for money expended for freight, commission, storage, and other expenses. That on August 6, 1895, the plaintiff, after fruitless efforts to compromise and agree upon the price of the goods upon the theory of a sale and delivery, tendered defendant $150 for expenses and charges claimed by the defendant, and demanded the possession of the goods, which was refused.

Upon the part of the plaintiff, the testimony shows that the goods, at the time they were shipped to San Francisco, were of the value set forth in the invoices, and would be of the same value, if acceptable for the trade, in San Francisco as in Boston, where manufactured; that these goods, in August, 1895, owing to the advance in all kinds of leather, were worth from 20 to 25 per cent. more than at the date of the invoices. On the part of the defendant, the testimony shows that the goods in question were ordered by him for the fall trade; were heavy shoes, mostly with cork soles, and only adapted to the winter trade; that when the order was given to Pearson it was with the understanding that the goods would be shipped without delay; that the goods for the fall trade should be in the store as early as September or October; and that, if they arrived for the Christmas holidays, they were too late for the winter trade. Several witnesses engaged in the boot and shoe business in San Francisco testified that if such goods were ordered for the fall trade in June or July, 1894, and were not delivered until the latter part of December, they would not be of the same value as if delivered in time for the fall trade, and that the depreciation in value would average about 50 per cent. on all the goods. The printed heading on each invoice of goods contained the name of "Bent Brothers & Company," over which was stamped the name of "John Edmunds, Receiver," with date of invoice, and "Terms, 5/30. Sold to Nolan Brothers Shoe Co., San Francisco, Cal." The goods were received by the defendant from the railroad company, and the freight charges paid by him. After the refusal of the defendant to pay for the goods, or to deliver the same, upon demand being made by plaintiff, an action was commenced by the plaintiff against Nolan Bros. Shoe Company, a corporation. Certain depositions were taken in that action, but when

the case came to trial it was discovered that the wrong party had been sued, and the parties hereto, by stipulation, have mutually agreed that the depositions taken in that action might be used upon the trial of this case. The defendant herein, P. F. Nolan, in that action verified an amended answer, averring that it (the corporation) had no information or belief on the subject sufficient to enable it to answer, and on that ground "denies that the reasonable value of the shoes mentioned in the complaint is now, or ever was, the sum of $3,000, or that the same were of any other or greater value than the sum of $2,000."

Upon these facts, the contention of the plaintiff is that the title to the goods at the time of the alleged conversion thereof by the defendant was in the plaintiff; that the contract for the purchase of the goods was never completed; that the goods were not shipped according to the contract; that the minds of the parties never met; that, Nolan having refused to pay for the goods, and having notified the plaintiff that he would not receive them, the plaintiff had the right to bring and maintain this action. The contention of defendant is that there was a sale of the goods; that the goods were shipped with that understanding, and, having been received by Nolan, the only recourse which plaintiff could have would be an action for the value of the goods; that in such an action the defendant would be entitled to recover damages which had accrued to him by reason of the delay in the delivery of the goods; that, in any event, under all the facts, the defendant is entitled, if there was no sale, to such reduction of the damages as would correspond to the depreciated price or value of the goods at the time they were received by the defendant.

Without discussing any of the legal questions or peculiar phases of the transaction arising upon the facts, I content myself with simply stating my conclusions thereon. I am of opinion that the plaintiff has established sufficient facts to entitle him to recover in this action. I find the value of the goods, at the time demand was made for the possession thereof, to be $2,035.95, from which should be deducted $150, storage charges, leaving the sum of $1,885.95. The plaintiff is therefore entitled to judgment for said sum of $1,885.95, together with legal interest thereon from August 6, 1895, and for costs. Let judgment be entered accordingly.